IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: <br><br> DARYL GREG SMITH, <br><br> Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 21-60162-rbk |
| In re: <br><br> CANADIAN RIVER RANCH, LLC, <br><br> Debtor. | § § § § § § § | Chapter 11 <br><br> No. 21-60163-rbk <br><br> (Joint Administration Requested) |

**DEBTORS' APPLICATION FOR AUTHORITY
TO RETAIN AND EMPLOY MUNSCH HARDT KOPF &
HARR, P.C. AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

> **This pleading requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held.**

To the Honorable United States Bankruptcy Judge:

COME NOW the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-styled bankruptcy cases (the "Bankruptcy Cases") and file this the *Debtors' Application for Authority to Retain and Employ Munsch Hardt Kopf & Harr, P.C. as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Application"), in support of which they would respectfully show as follows:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to retain and employ Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") as their attorneys effective *nunc pro tunc* to the Petition Date (as defined herein) in accordance with the terms and conditions sets forth in that certain engagement letter between the Debtors and Munsch Hardt, dated November 25, 2020 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit B** and incorporated herein by reference. In support of this Application, the Debtors submit the declaration of Thomas D. Berghman, a shareholder of Munsch Hardt (the "Declaration"), which is attached hereto as **Exhibit B**.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014, 2016, 9013, and 9014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Local Rules").

**BACKGROUND**

4. On April 9, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested procedural consolidation and joint administration

DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY MUNSCH
HARDT KOPF & HARR, P.C. AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE    PAGE 2 OF 8

of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## DISCUSSION

A.  **Basis for Selection of Counsel**

5.   The Debtors have selected Munsch Hardt as their counsel because of Munsch Hardt's extensive experience and knowledge in the field of debtor and creditor rights and reorganizations under chapter 11 of the Bankruptcy Code.

6.   The Debtors and Munsch Hardt have designated Davor Rukavina, a shareholder of Munsch Hardt who offices in Munsch Hardt's Dallas office, to be the principal attorney with respect to the representation, although Munsch Hardt may use other attorneys and paraprofessionals as appropriate to ensure adequate and sufficient staffing and for the economic administration of the Debtors' estates.

7.   The employment of Munsch Hardt is appropriate and necessary to enable the Debtors to execute faithfully their duties and obligations under the Bankruptcy Code, and Debtors believe that Munsch Hardt and its attorneys are fully qualified to perform the legal services necessary to enable the Debtors to successfully carry out the same.

8.   Munsch Hardt maintains offices at (i) 500 N. Akard Street, Suite 3800, Dallas, Texas 75201; Telephone: (214) 855-7500; Facsimile: (214) 855-7584; (ii) 1717 West 6th Street, Suite 250, Austin, Texas 78703; Telephone: (512) 391-6100; Facsimile: (512) 391-6149; and (iii) 700 Milam Street, Suite 2700, Houston, Texas 77002; Telephone: (713) 222-1470; Facsimile: (713) 222-1475.

B. **Services to be Provided**

9. Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors have requested the retention and employment of Munsch Hardt to render professional services to it in connection with their Bankruptcy Cases, including, but not limited to, the following:

   a. to serve as attorneys of record for the Debtors in all aspects, including any adversary proceedings commenced in connection with these Bankruptcy Cases and to provide representation and legal advice to the Debtors throughout these Bankruptcy Cases;

   b. to assist the Debtors in carrying out their duties under the Bankruptcy Code, including advising the Debtors of such duties, their obligations, and their legal rights;

   c. to consult with the United States Trustee, any statutory committee that may be formed, and all other creditors and parties in interest concerning administration of these Bankruptcy Cases;

   d. to assist in potential sales of the Debtors' assets;

   e. to prepare on behalf of the Debtors all motions, applications, answers, orders, reports, and other legal papers and documents to further the Debtors' estates' interests and objectives, and to assist the Debtors in the preparation of schedules, statements, and reports, and to represent the Debtors and their estates at all related hearings and at all related meetings of creditors, United States Trustee interviews, and the like;

   f. to assist the Debtors in connection with formulating and confirming a chapter 11 plan;

   g. to assist the Debtors in analyzing and appropriately treating the claims of creditors, including objecting to claims and trying claim objections;

   h. to appear before this Court and any appellate courts or other courts having jurisdiction over any matter associated with these Bankruptcy Cases;

   i. to perform all other legal services and provide all other legal advice to the Debtors as may be required or deemed to be in the interests of their estates in accordance with the Debtors' powers and duties as set forth in the Bankruptcy Code; and

   j. to defend the Debtors against any and all actions and claims made against the Debtors and their property.

10. Subject to this Court's approval of the Application, Munsch Hardt is willing to serve as the Debtors' attorneys in these Bankruptcy Cases and to perform the services described above.

C. **Compensation of Munsch Hardt**

11. Munsch Hardt has agreed to perform such legal services on an hourly-fee basis at its customary hourly rates for cases of the size and complexity as these bankruptcy cases. Munsch Hardt's hourly rates range from $750 for shareholders with the highest billing rates to $180 for paralegals with the lowest billing rates. Munsch Hardt's rates are subject to periodic adjustment (normally at year-end) to reflect economic, experience, and other similar factors.

12. Munsch Hardt's hourly rates for the attorneys and paraprofessionals who will most likely be working on these bankruptcy cases are:

| | |
|---|---|
| Davor Rukavina, Shareholder | $550.00 per hour |
| Thomas Berghman, Shareholder | $450.00 per hour |
| An Nguyen, Associate | $350.00 per hour |

13. The attorneys who will provide services to the Debtors are duly licensed to practice in the State of Texas and are admitted to practice law in the Western District of Texas.[1] As necessary, certain other attorneys and/or paraprofessionals may provide services in connection with the engagement.

14. Subject to this Court's approval, the Debtors have also agreed to the reimbursement of Munsch Hardt for all out-of-pocket expenses incurred by Munsch Hardt in connection with representation of the Debtors, including, but not limited to, costs for delivery and mail charges, local and/or special courier charges, long distance telephone calls, reproducing documents, secretarial overtime, necessary travel to and lodging expenses, and other necessary out-of-pocket

---

[1] Mr. Nguyen's application is pending.

expenses. Munsch Hardt will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Munsch Hardt's other clients and consistent with the applicable Bankruptcy Local Rules.

### D. Disinterestedness of Munsch Hardt

15. To the best of Munsch Hardt's knowledge, the shareholders and associates of Munsch Hardt: (i) do not have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys and accountants, other than as disclosed below; (ii) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee; (iii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (iv) do not hold or represent any interest adverse to the Debtors' estates.

### E. Prior Retainer and Payment

16. Prior to the Petition Date, the Debtors funded a retainer to Munsch Hardt in the amount of $20,000.00. On April 9, 2021, prior to filing the petitions, Munsch Hardt drew on the retainer in the amount of $13,951.90 for prepetition services (including $3,476.00 in filing fees). $6,048.10 remains in retainer and will not be applied without approval from the Court.

17. Munsch Hardt has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

### BASIS FOR RELIEF

18. The Debtors, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors]

in carrying out the [Debtors'] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). An application for retention must include:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

19. The Debtors submit that for all the reasons stated above and in the Declaration, the retention and employment of Munsch Hardt as counsel to the Debtors is warranted. As set forth in the Declaration, Munsch Hardt is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest.

## NOTICE

20. The Debtors will provide notice to parties in interest, including: (a) the Office of the United States Trustee for the Western District of Texas; (b) the holders of the 20 largest unsecured claims against each of the Debtors; (c) all secured creditors of the Debtors; (d) all applicable government agencies to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) counsel for any of the foregoing, to the extent known. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY MUNSCH
HARDT KOPF & HARR, P.C. AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE          PAGE 7 OF 8

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto and (b) grant the Debtors such other and further relief to which they may show themselves justly entitled.

RESPECTFULLY SUBMITTED this 23rd day of April 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Thomas Berghman
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard St., Ste. 3800
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375
    Email: drukavina@munsch.com
    Email: tberghman@munsch.com

*Proposed Counsel to the Debtors
and the Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, a true and correct copy of the foregoing document was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to those parties in interest registered to receive such service.

    /s/ Thomas Berghman
    Thomas D. Berghman, Esq.